VICTORIA PLAUD WIDOW OF ANSELMI, Appellant, *v.* ACTING REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1276.   Submitted June 1, 1951.—Decided June 26, 1951.

———

644

*Domínguez & Domínguez* for appellant. The respondent Registrar did not appear.

Mr. Acting Chief Justice Todd, Jr., delivered the opinion of the Court.

The Municipal Court of Puerto Rico, Guayama Section, entered judgment by consent granting the complaint for release of debt, cancellation, and other relief which Victoria Plaud Widow of Anselmi filed against Domingo Mundo Rodríguez, by himself and as heir of his deceased wife, Josefa Glivau, and their daughter, Mercedes Mundo Glivau. In the complaint it was alleged in brief that by public deed executed on August 5, 1938 the plaintiff sold for $200 to Domingo Mundo Rodríguez, married to Josefa Glivau, a frame house located on a lot of the Municipality of Guayama and that said sale was recorded in the Registry of Property of Guayama; that despite it having been stated in the deed that the contract executed was a contract of sale, it actually was a contract of loan secured by the property itself, as set forth in a private document subscribed by Domingo Mundo Rodríguez and Josefa Glivau, which is copied in the complaint and wherein it was agreed that if within two years Victoria Plaud Widow of Anselmi returned to them said $200 with interest at the rate of 9 per cent per annum, Mr. and Mrs. Mundo would be bound to execute again a deed of sale in her favor. It was further alleged that the plaintiff paid to her creditors the amount of $200 with interest and that upon Josefa Glivau's death, the de-

fendants had been declared her heirs by the court and, finally, that the defendants have not executed the deed of sale or of cancellation of debt in favor of the plaintiff.

The defendants answered said complaint accepting as true all the facts alleged and acquiescing to the entry of judgment without imposition of costs and attorney's fees and consenting to the execution by the marshal of the court of the proper deed, if necessary. The defendants also waived the term for appeal and that the judgment be considered final and unappealable.

Judgment having been entered in conformity with the allegations of the complaint and defendants' acquiescence, the court ordered the cancellation of the record existing in the registry in favor of Domingo Mundo Rodríguez, married to Josefa Gliváu. The order to this effect having been issued, the Registrar of Property of Guayama denied the cancellation because "since the present is a proceeding involving the cancellation of a right of possession (sic) recorded in the registry in favor of the defendant, Domingo Mundo Rodríguez and his wife, Josefa Gliváu, the latter represented by her legitimate heir, Mercedes Mundo Gliváu, the Municipal Court of Puerto Rico, Guayama Section, lacks exclusive jurisdiction to order the cancellation of the entry of sale in favor of said spouses; and that not even the mere acquiescence and consent of the defendants vests said court with jurisdiction to decree the cancellation ordered . . ."

The plaintiff brought the present administrative appeal to review said ruling.

The respondent Registrar has filed no brief in this appeal. However, we suppose that his denial is based on the fact that, since it was alleged by the plaintiff in the complaint filed in the Municipal Court of Puerto Rico, Guayama Section, that the contract executed by her with Domingo Mundo Rodríguez and his wife was not a contract of sale but rather a contract of loan for $200, secured by a mortgage on the

house, and reversion of the house having been besides agreed to as soon as the plaintiff paid said $200 plus interest at 9 per cent per annum within two years after the execution of the deed, which facts were admitted by the defendants, a cancellation of said mortgage was actually involved to order which the Municipal Court lacked jurisdiction. We have so decided in *Marrero* v. *Registrar of Mayagüez*, 32 P.R.R. 818; *Muriente* v. *Yumet*, 58 P.R.R. 619; *Nazario* v. *Muñiz*, 54 P.R.R. 49; *cf. United States* v. *Registrar*, 66 P.R.R. 412, 414.

That the Municipal Court of Puerto Rico, Guayama Section, regarded the case as one for the cancellation of a mortgage, appears affirmatively from its judgment in deciding that the deed executed by the parties does not entail or comprise a contract of sale but rather a contract of loan for $200 secured by the property for two years with interest at 9 per cent per annum. The court further declared in its judgment "that both the principal and the interest of the aforesaid loan were paid during the term of said contract by the plaintiff debtor to the aforesaid Domingo Rodríguez and Josefa Gliváu, the wife of the creditor of said plaintiffs. (*sic*) Wherefore the debt hereinbefore referred to is declared canceled by payment and the cancellation of the record which in favor of Domingo Mundo Rodríguez, married to Josefa Gliváu, was made by the Registrar of Property of Guayama is ordered . . ."

So that, in all its aspects, the case was regarded by the parties as well as by the court, as a sale on reversion under the provisions of § 1410 of the Civil Code, 1930 ed., which provides:

"In any of the following cases, sales of real estate on reversion shall be presumed to constitute a contract of loan for the amount of the price, with a mortgage on the property sold, as security:

"1. When the buyer fails to enter into material possession of the thing sold.

"2. When the vendor pays to the buyer interested on the selling price, though such interest may be called rental or otherwise.

"3. When a grossly inadequate sum appears in the contract, as the price of alienation."

Hence, and pursuant to the above-cited cases, the Municipal Court of Puerto Rico, Guayama Section, lacked jurisdiction to entertain the case wherein it ordered the cancellation of the entry existing in the Registry of Property of Guayama, despite defendants' acquiescence.

The decision of the Registrar will be affirmed.